UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOMERO ENTERPRISES, INC., a
Florida corporation,

    Plaintiff,

v.　　　　　　　　　　　　　　　Case No: 2:18-cv-161-FtM-29CM

DANIEL R. STOLTZFUS, an
individual,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses Pursuant to FRCP 12(f) and to Dismiss Counterclaim Pursuant to FRCP 12(b)(6) (Doc. #36) filed on June 29, 2018. Plaintiff filed a Response (Doc. #37) on July 13, 2018.

**I. Background**

On March 13, 2018, plaintiff Somero Enterprises, Inc. (plaintiff) initiated its Complaint (Doc. #1) against Line Dragon, LLC and Daniel R. Stoltzfus (defendant). On May 23, 2018, defendant Line Dragon, LLC was dismissed without prejudice and judgment was directed as to this defendant. (Doc. #28.) On May 25, 2018, an amended pleading was filed to reflect the dismissal. (Doc. #30.)

Plaintiff develops and produces equipment for concrete installation. To deliver concrete to areas distant from concrete

mixing trucks, heavy hoses are used. Plaintiff and defendant both make and sell hose pullers and placers to move and position concrete hoses, usually using two small tractors in tandem. (Doc. #30, p. 1.) Defendant is the alleged inventor and owner of the '957 Patent, and his company makes and sells a hose pulling machine alleged to be covered by the patent. Defendant has publicly accused plaintiff of infringing the Patent by making and selling the Somero SP-16 Concrete Hose Puller. As a result, plaintiff's customers have stopped purchasing its SP-16 hose pullers. It is alleged that defendant's patent infringement claim is false. (Id.)

By and through the First Amended Complaint for Declaratory Judgment of Non-Infringement and Invalidity (Doc. #30), plaintiff seeks a declaration that plaintiff did not infringe on United States Patent NO. 8,312,957 ('957 Patent), and/or a declaration that the '957 Patent is invalid.

**II. Motion to Strike Affirmative Defenses**

Plaintiff argues that the affirmative defenses are pled in a shotgun manner because the defenses address the Complaint as a whole. (Doc. #36, p. 20.) The Court finds that the defenses are not generically pled in a shotgun manner. The First Amended Complaint seeks only two related declarations: that plaintiff did not infringe the '957 Patent, and that the Patent is in fact invalid, the opposite of what defendant seeks. The Second and

Third Defenses clearly respond directly to the issue of infringement, and the First and Fourth Defenses clearly respond directly to the issue of validity. The Second and Third Defenses do lack sufficient supporting facts as to what part of the Patent plaintiff infringed or induced to infringe as addressed more precisely below. The motion will be denied as to the general pleading deficiency argument.

**A. Applicable Law**

The Federal Rules require defendants to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting, or sua sponte. Fed. R. Civ. P. 12(f).

To properly plead an affirmative defense, it must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy

Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense. Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)). Defendant must also avoid pleading shotgun affirmative defenses that "address[] the complaint as a whole, as if each count was like every other count." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014). District courts have a sua sponte obligation to identify shotgun affirmative defenses and strike them, with leave to replead. See Paylor, 748 F.3d at 1127; Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

**B. First and Fourth Defenses**

Defendant's First Affirmative Defense alleges that that plaintiff is collaterally estopped from challenging the validity of the '957 Patent because upon reexamination and presentation of alleged prior art, the United States Patent and Trademark Office upheld the validity of the '957 Patent. The Fourth Affirmative Defense is that the '957 Patent is not invalid because the United States Patent and Trademark Office rejected plaintiff's prior art as invalidating. (Doc. #33, pp. 5, 6.)

Plaintiff argues that both defenses fail because they incorrectly seek to apply the doctrine of collateral estoppel because it was not a participant in the *ex parte* reexamination of the '957 Patent and therefore cannot be collaterally estopped by the administrative proceeding because it had no opportunity to be heard. Defendant asserts that plaintiff's failed challenge of the validity of the Patent is clearly the basis for the defenses, and therefore plaintiff has fair notice.

Collateral estoppel must be presented as an affirmative defense under Fed. R. Civ. P. 8(c)(1). The doctrine of collateral estoppel is not unique to patent cases, and therefore the court looks to "precedent of the regional circuit." Aspex Eyewear, Inc. v. Zenni Optical Inc., 713 F.3d 1377, 1380 (Fed. Cir. 2013) (citing Christo v. Padgett, 223 F.3d 1324, 1339 (11th Cir. 2000) for principles of estoppel). "For the doctrine of collateral estoppel to apply to bar relitigation of an issue, five elements must be present: "(1) an identical issue must have been presented in the prior proceedings; (2) the issue must have been a critical and necessary part of the prior determination; (3) there must have been a full and fair opportunity to litigate that issue; (4) the parties in the two proceedings must be identical; and (5) the issues must have been actually litigated." Criner v. State, 138 So. 3d 557, 558 (Fla. 5th DCA 2014) (citations omitted).

A key element of the Defenses is that both parties were the

same, and had an opportunity to fully and fairly litigate the identical issues. No such allegations are contained in the Defenses, an plaintiff states that it was not provided a full and fair opportunity to litigate the issue of infringement because the validity of '957 Patent was upheld in light of prior art submitted by *defendant* to the USPTO. If defendant's position is that plaintiff actually took part in the reexamination process and is thus barred from relitigating the issue, defendant may be able to amend to more clearly assert the defenses. Currently, the Court finds that defendant cannot assert collateral estoppel. The motion to strike will be granted as to these two defenses.

**C. Second and Third Defenses**

The Second Affirmative Defense asserts that plaintiff is precluded from pursuing its claim by reason of its own actions and course of conduct, including estoppel and/or unclean hands, because plaintiff infringed and continues to infringe upon the '957 Patent by making, selling, and offering for sale the SP-16. The Third Affirmative Defense alleges that plaintiff is precluded from pursuing its claim by reason of its own actions and course of conduct, including estoppel and/or the doctrine of unclean hands, because it induced others to infringe the '957 Patent. (Doc. #33, pp. 5, 6.)

Plaintiff argues that the Defenses fail as a matter of law because if it is successful on either Count, there could be no

judgment for defendant based on *plaintiff's* infringement.[1] Plaintiff also argues that the defenses fail to provide sufficient notice as both are conclusory, and neither provide a legal basis or factual support. Defendant argues that plaintiff is "a patent infringer and inducer", and therefore cannot come to the Court to seek equitable relief.

As a preliminary matter, the use of "including but not limited to estoppel and/or the doctrine of unclean hands" makes it unclear if defendant seeks to incorporate multiple defenses in one. Assuming the defense is unclean hands for both affirmative defenses, defendant must demonstrate that the "wrongdoing is directly related to the claim against which it is asserted", and even if directly related, show that the "wrongdoing does not bar relief unless the defendant can show that it was personally injured by [plaintiff's] conduct." <u>Calloway v. Partners Nat. Health Plans</u>, 986 F.2d 446, 451 (11th Cir. 1993) (citations omitted).

The use of the SP-16 is central to all claims: plaintiff asserts that it did not infringe defendant's Patent by use of the SP-16, and seeks a declaration confirming its position; defendant asserts there was infringement of a valid Patent by use of the SP-16. As currently pled, the Court cannot determine the specific wrongdoing by plaintiff that would directly relate to plaintiff's

---

[1] The Court notes that lack of success would mean a finding of infringement by plaintiff.

claim of noninfringement other than defendant's position that plaintiff in fact is infringing on the Patent. Also, defendant does not specify what claim or claims of the Patent are being infringed. The motion to strike will be granted because the allegations are too vague for plaintiff to have adequate notice as to how plaintiff's wrongdoing is directly related to the claim of non-infringement, or what injury defendant has suffered at the hands of plaintiff's wrongdoing.

**III. Motion to Dismiss Counterclaim**

The Counterclaim for Patent Infringement (Doc. #33, p. 7) alleges willful direct patent infringement by plaintiff. The factual basis provided is as follows: Daniel Stoltzfus (Counterclaimant) conceived of the Apparatus for Moving Concrete Pump Hoses described in the '957 Patent issued on November 20, 2012. Counterclaimant owns the Patent, and Line Dragon LLC was formed to allow counterclaimant to manufacture and sell concrete pump hose machines.

Somero Enterprises, Inc. (counter-defendant) met with counterclaimant in 2016 to discuss purchasing his company, including the '957 Patent, but the discussions were not fruitful. Counter-defendant was determined to enter the marketplace with a competitive machine and introduced the SP-16 hose puller. Counterclaimant became aware of the SP-16, which is alleged to infringe his Patent.

The '957 Patent includes three independent claims, and 18 dependent claims that provide an economic benefit to counterclaimant. The '957 Patent is in force and presumed valid, and counter-defendant induced others, including its dealers, to infringe the '957 Patent. Counterclaimant was damaged by the infringement, and will suffer irreparable harm if the infringement continues. Counterclaimant seeks the entry of a permanent injunction restraining the making, using, selling, or offering for sale products that infringe the '957 Patent.

The single claim for direct and indirect patent infringement[2] asserts that counter-defendant has infringed and may still be infringing at least one of the claims of the '957 Patent. It is further alleged that counter-defendant induced infringement of at least one of the claims of the '957 Patent by inducing, encouraging, and facilitating one or more of its distributors to use, sell, and/or offer for sale the SP-16. Counterclaimant alleges that counter-defendant's infringement was willful as evidenced by the motivation to compete. Counterclaimant seeks injunctive relief, compensatory damages, lost profits and reasonable royalties, treble damages, interest, and attorney fees.

---

[2] The Count is titled as "Willful Direct Patent Infringement", but refers to direct and indirect infringement in paragraph 19. (Doc. #33.)

**A. Applicable Law**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**B. Arguments**

Counter-defendant argues that the Counterclaim must be dismissed because it provides only conclusory statements with no factual support. Specifically, no description of the infringing SP-16 is provided, or no information as to what aspect of the SP-16 infringes the Patent. Without additional information, counter-defendant argues it has insufficient notice of the claims against it.

Reliance on plaintiff's First Amended Complaint and its exhibits for the Counterclaim's factual basis is simply misguided because the burden to state a claim is on counterclaimant.[3] The Counterclaim does not reference or incorporate the facts in the First Amended Complaint, or its exhibits. The Court agrees that

---

[3] Plaintiff responds that plaintiff is on notice because the Exhibits to the First Amended Complaint detail the claims at issue through correspondence. The Miller Law Group sent plaintiff's CEO a letter detailing what parts of the SP-16 infringe Claim 8 of the '957 Patent. (Doc. #30-3, Exh. 3.) Also attached is the response from plaintiff's law firm indicating that it was "an overly broad interpretation", and disagreeing with the assessment. (Doc. #30-4, Exh. 4.)

the Counterclaim does not state a plausible claim as currently pled, but that defendant could amend to do so.  The motion to dismiss will be granted with leave to amend.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Motion to Strike Affirmative Defenses Pursuant to FRCP 12(f) (Doc. #36) is **GRANTED in part and DENIED in part.**  The Affirmative Defenses are dismissed without prejudice to filing amended defenses within **FOURTEEN (14) DAYS** of this Opinion and Order.

2.   Plaintiff's Motion to Dismiss Counterclaim Pursuant to FRCP 12(b)(6) (Doc. #36) is **GRANTED** and the Counterclaim (Doc. #33) is **dismissed** without prejudice to filing an Amended Counterclaim within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record